ALVIN J. SLATER, trustee, *vs.* RENT CONTROL BOARD OF BROOKLINE
& another.[1] No. 87-85. January 12, 1988. *Brookline. Rent Control,* Parking
space, Controlled rental unit. *Municipal Corporations,* Rent control.

This is an appeal from a judgment of the Superior Court upholding a
decision of the rent control board of Brookline. The decision regulated
charges for parking provided as a service to a tenant in a rent-controlled
apartment at a parking lot owned and operated by the plaintiff. We affirm
the judgment.

The tenant, the defendant Levy, leased a rent-controlled apartment at
28-40 Park Street in Brookline, a multi-unit apartment building owned by
the plaintiff. Since the tenant began to rent the apartment in 1977, his lease
has provided for parking at 54 Auburn Street, a lot also owned by the
plaintiff. That lot is a separately assessed parcel located about one block
from the controlled rental units at 28-40 Park Street. The lot has twenty-four

---

[1] Mark E. Levy.

outdoor parking spaces. Although 28-40 has its own indoor and outdoor parking facilities, since its construction in 1973 a number of spaces at the 54 Auburn Street lot have consistently been rented to the tenants in the rent-controlled apartments at 28-40 Park Street.

After receiving notice from the landlord that the rate for his parking space was being increased from $20 per month to $30 per month, the tenant filed a request with the board to determine whether the increase was proper. The board, interpreting art. XXXVIII of the Brookline rent control by-law and rent control regulation 16, decided that parking is a service connected with the use and occupancy of the tenant's rental unit and, as such, was subject to rent control. The plaintiff Slater, the landlord, brought this action to challenge the authority of the board to make such a determination and seeks to invalidate its decision.

1. The plaintiff's argument that parking cannot validly be defined as a "service" in the Brookline rent control by-law because it was not so defined in St. 1970, c. 842, the statute authorizing municipalities to adopt rent control, lacks any merit. Statute 1970, c. 842 (as amended by St. 1975, c. 851), expired in April, 1976. Further, rent control in Brookline is authorized by St. 1970, c. 843, which permits Brookline to "regulate rents more comprehensively than they would be able to under c. 842 alone," *Marshal House, Inc.* v. *Rent Control Bd. of Brookline*, 358 Mass. 686, 698 (1971), to combat the severe shortage of housing in Brookline. *Id.* at 699. See also *Grace* v. *Brookline*, 379 Mass. 43, 50-51 (1979). Under St. 1970, c. 843, Brookline has the authority to regulate parking under its rent control scheme as a service connected with a controlled unit.

2. The plaintiff next maintains that the board has no subject matter jurisdiction over the 54 Auburn Street parking lot because the lot was laid out after January 1, 1969. Section 3(b)(1) of art. XXXVIII of the Brookline by-law excludes "rental units" constructed after that date from the definition of "controlled rental units." Thus, the plaintiff argues, the parking lot should also be exempt.

A parking space, by itself, is not a rental unit. Section 3(a) of art. XXXVIII defines "rental units" as "any building, structure, or part thereof, or land appurtenant thereto, or any other real or personal property rented or offered for rent for living or dwelling purposes, . . . *together with all service connected with the use or occupancy of such property*" (emphasis supplied). Because parking is a service, it follows that, when this service is provided in conjunction with the use or occupancy of a controlled rental unit, it is a part of the unit and is not exempt from rent control. As pointed out by the tenant, if the plaintiff's argument is adopted, a landlord could install new appliances in a unit after January 1, 1969, and charge a fee for their use, completely unregulated by the board. This result was obviously not intended by the enabling legislation and could, in effect, lead to nullification of the objectives of the rent control in Brookline.

3. We see no basis for the argument that the board failed to follow the proper procedure set forth in rent control regulation 39 for determining whether the tenant's unit yielded a fair net operating income to the landlord. Regulation 39 on its face has no application to the case. Further, the board did not exceed the "substantial discretion" afforded it, see *Sherman* v. *Rent Control Bd. of Brookline,* 367 Mass. 1, 8, 10 (1975), in finding in the tenant's favor. The board's decision is supported by substantial evidence.

4. Finally, the plaintiff argues that the board is barred by a decision in 1973 from disputing his right to increase the parking fee for the outdoor lot at 54 Auburn Street equal to the fee permitted for indoor parking. That decision allowed the plaintiff's predecessor in interest to set parking fees at $20 per month for rent-controlled tenants who rented spaces at 54 Auburn Street, when regulations then in effect set the fees for outdoor parking spaces subject to the provisions of the Brookline rent control by-law and regulations at $15 per month. (At that time, $20 per month was normal fee for indoor parking provided as a service with rent-controlled units.) The plaintiff claims that, relying on the board's 1973 decision, he allowed rent-controlled tenants to park at 54 Auburn Street, and now he cannot remove them from the lot and is not being permitted to raise the parking fee to an amount equal to the indoor parking fee. In making this argument, the plaintiff is broadly interpreting the 1973 decision as implying that, since the board thought that the lot at 54 Auburn Street was "superior" to the indoor parking at 28-40 Park Street, the plaintiff would *always* be authorized to charge a fee comparable to that charged for indoor parking to rent-controlled tenants who live at 28-40 Park Street and park at 54 Auburn Street.

This interpretation of the 1973 decision, however, is not supported by its language, which stated simply:

> "VOTED: For 28-40 Park St. (Slater), to set parking fees at the rate of $20 per month per space for a new outdoor parking lot at 54 Auburn St. to be utilized by the tenants in controlled rental units at 28-40 Park St."

The board may have concluded that the 1973 decision was based on narrower grounds than those claimed by the plaintiff, and that it did not bind the board in the present action. However, it is not clear from the record whether the board directly considered the argument. We are unable to tell their precise reasoning on the question. The plaintiff may raise this issue with them again for a more definite answer.

*Judgment affirmed.*

*Roger R. Lipson* for the Rent Control Board of Brookline.
*A. Joseph Ross* for Mark E. Levy.
*Elton Watkins, III,* for the plaintiff, submitted a brief.